JOHN H. MILAM, JR., Petition v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Milam v. Commissioner
Docket No. 30163-83.
United States Tax Court
T.C. Memo 1986-218; 1986 Tax Ct. Memo LEXIS 392; 51 T.C.M. (CCH) 1099; T.C.M. (RIA) 86218; May 29, 1986. John H. Milam, Jr., pro se. Vallerie Volesko, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies against petitioner in the amount of $5,290.53 for the 1980 taxable year and $3,023 for the 1981 taxable year. The issues for decision are whether petitioner (1) was away from home during 1980 and 1981 so as to be entitled to deduct travel and living expenses under section 162, [1] and (2) entitled to moving expenses for 1981 beyond those allowed by respondent. FINDINGS *393 OF FACT Petitioner resided in Corona, New York at the time he filed his petition herein. He filed timely Federal income tax returns as a single person for the taxable years ending December 31, 1980 and 1981, respectively. His 1980 return listed Macon, North Carolina as his address. Petitioner is a plumber by trade and was a member of Plumbers Union Local No. 2 during the taxable years in issue. The Union's office is located in New York, New York. Petitioner lived and worked in the New York area during the period 1970 - 1976. Thereafter, having been unable to find work for which he was trained in the New York area, he sought and obtained work as a steam fitter/pipe fitter as follows: Places of Employment
Dates Employed
Clow Darling
08/76 - 11/76
Box 578
Thunder Bay, Ontario
Bechtel Company Ltd.
11/76 - 12/76
Bag Service #6
Corunna, Ontario
Petro Chem Projects Ltd.
09/77 - 11/77
P.O. Box 90
Terrace Bay, Ontario
TVA Watts Bar Nuclear Plant
07/78 - 05/80
P.O. Box 2000
Spring City, Tennessee
Bechtel Petroleum
06/80 - 03/81
P.O. Box 20140
Philadelphia, Pennsylvania
Hydraulic Plumbing & Heating
04/81 - Present
215-45 Northern Blvd.
Bayside, New York
*394 Prior to 1981, petitioner's wife (from whom he was divorced in April 1981) and two children lived in the New York area. At some point in 1980 while petitioner was working in Spring City, Tennessee, he moved them to Woodbridge, Virginia which was 550 miles from Spring City but closer to Spring City than New York. During the period when he worked for the Tennessee Valley Authority, petitioner lived in an apartment in the vicinity of Spring City, Tennessee. During the period when he worked for Bechtel Petroleum, petitioner lived in a motor lodge in Mount Laurel, New Jersey, which is in the vicinity of Philadelphia. Petitioner did not maintain an apartment or any place of abode in New York during 1980 and until August 1981 when he took up New York residence in connection with his current employment. Petitioner incurred moving expenses of $1,975 in moving from New Jersey to New York in 1981. OPINION Section 162(a) permits a taxpayer to deduct "traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business." The burden of proving that *395 he is entitled to deduct his claimed living expenses while working in Spring City and Philadelphia is on petitioner. ; Rule 142(a). The threshold question is whether petitioner maintained a home from which he was away during 1980 and 1981. Petitioner's contacts with the New York area were practically nonexistent during the taxable year 1980 and that portion of 1981 while he was working in Philadelphia. He maintained no place of abode in the New York area. He moved his wife (from whom he was apparently separated and later divorced) and his children to Woodbridge, Virginia sometime in 1980--a fact, which we think is a strong indication that New York was no longer his home. The only connection of petitioner with the New York area is his membership in the union and his apparent subjective intention to return to New York as and when the opportunity for employment there presented itself. Under all the circumstances, we are unable to conclude that petitioner's tax home was at a place other than where he worked during 1980 and 1981. ; , *396 on appeal (9th Cir., Jan. 13, 1986); . The fact that petitioner did not maintain a place of abode in New York is most significant and distinguishes and the other cases upon which petitioner relies. See also . Moreover, in view of his separation and divorce, petitioner's expenditures for maintenance of his wife and children do not represent duplicate expenses which should be taken into account. . Petitioner's maintenance of union membership in the New York local is far from sufficient to tip the scale in petitioner's favor. The same is true with respect to petitioner's subjective intent. ; . In view of our conclusion that petitioner was not "away from home," we have no need to consider whether his employment in Spring City and Philadelphia was temporary or indefinite. As far as petitioner's moving expenses in 1981 are concerned, the *397 only issue for decision is that of substantiation. Respondent allowed petitioner $1,475 of the claimed deduction of $3,128. We think that petitioner is entitled to an additional deduction of $500 for room and meals and we so hold. We note that the breakdown of the $1,475 allowed by respondent discloses that this additional allowance will not cause the $1,500 limitation of section 217(b)(3)(A) to be exceeded. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩